**BROWN & CONNERY, LLP**
Susan M. Leming, Esquire
Michael J. Miles, Esquire
360 Haddon Avenue
Westmont, New Jersey 08108
T:  (856) 854-8900
F:  (856) 858-4967
sleming@brownconnery.com
mmiles@brownconnery.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**

| | |
|---|---|
| Allison Petzko,<br><br>                    Plaintiff,<br><br>          v.<br><br>AAK Foodservice US, Juan Colemanares, MaryJean Thomaier, James Arcila, Stephen Cucuzza, JOHN DOES 1-5 (Fictitious Individuals), JANES DOES 1-5 (Fictitious Individuals), Jointly and Severally, Official and Individual Capacities,<br><br>                    Defendants. | Civil Action No.: 2:22-cv-06462-MCA-CLW<br><br><br><br>**ANSWER AND**<br>**AFFIRMATIVE DEFENSES** |

Defendants, AAK Foodservice USA[1] ("AAK"), Juan Colmenares[2] ("Colmenares"), MaryJean Thomaier ("Thomaier"), James Arcila ("Arcila"), and Stephen Cucuzza ("Cucuzza") (collectively, "Defendants"), by and through their attorneys, Brown & Connery, LLP, answer the Complaint of Plaintiff, Allison Petzko, as follows:

---

[1] AAK is improperly captioned as "AAK Foodservice US."

[2] Colmenares improperly captioned as "Juan Colemanares."

ANSWER.

**PRELIMINARY STATEMENT**

To the extent the Preliminary Statement may be construed as an allegation that requires a response, such allegation is denied.

**PARTIES**

1.      Admitted.

2.      Admitted in part and denied in part.  Admitted only that AAK has a corporate office located at 465 Hillside Avenue, Hillside, New Jersey 07205.  All remaining allegations contained in this paragraph are denied.

3.      Admitted.

4.      Admitted.

5.      Admitted in part and denied in part.  Admitted only that Thomaier was previously employed as Director of US Human Resources for AAK USA, Inc.  All remaining allegations contained in this paragraph are denied.

6.      Admitted in part and denied in part.  Admitted only that Arcila is employed by AAK as Director of Site Operations.  All remaining allegations contained in this paragraph are denied.

7.      Admitted in part and denied in part.  Admitted only that Cucuzza is employed by AAK as Director of Finance.  All remaining allegations contained in this paragraph are denied.

8.      Admitted in part and denied in part.  Admitted only that Plaintiff was previously employed by AAK.  The remaining allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this paragraph.

2

9.      The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph and, accordingly, denies the same.

## JURISDICTION

10.      The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

## STATEMENT OF FACTS

11.      Admitted.

12.      Admitted.

13.      Admitted.

14.      Admitted in part and denied in part.  Admitted only that Plaintiff told Arcila that she was experiencing depression.  All remaining allegations contained in this paragraph are denied.

15.      Admitted in part and denied in part.  Admitted only that Plaintiff told Arcila that she would be "checking herself in" to seek treatment for her depression.  All remaining allegations contained in this paragraph are denied.

16.      Denied.

17.      Admitted.

18.      Admitted.

19.      Admitted.

20.      The allegations contained in this paragraph are not directed at Defendants and do not call for a response.  To the extent a response is required, Defendants are without sufficient

knowledge and information to form a belief as to the truth of the allegations in this paragraph and, accordingly, deny the same.

21. The allegations contained in this paragraph are not directed at Defendants and do not call for a response. To the extent a response is required, Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph and, accordingly, deny the same.

22. The allegations contained in this paragraph are not directed at Defendants and do not call for a response. To the extent a response is required, Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph and, accordingly, deny the same.

23. Admitted in part and denied in part. Admitted only that Plaintiff contacted Colmenares and Arcila via email on or around January 13, 2022, which is a document that speaks for itself. The remaining allegations in this paragraph are denied.

24. Admitted in part and denied in part. Admitted only that Plaintiff contacted Colmenares and Arcila via email on or around January 13, 2022, which is a document that speaks for itself. The remaining allegations in this paragraph are denied.

25. Admitted in part and denied in part. Admitted only that Colmenares and Arcila did not reply to the email sent by Plaintiff on or around January 13, 2022. The remaining allegations contained in this paragraph are denied.

26. Admitted.

27. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, admitted in part and denied in part. Admitted only that Plaintiff was deemed to have resigned her employment on January 18, 2022 after she

failed to return to work after the conclusion of her approved medical leave. All remaining allegations contained in this paragraph are denied.

28.    Admitted in part and denied in part. Admitted only that the Food Safety Leadership Team ("FSLT") participates in hiring and firing decisions. Denied that hiring and firing decisions are made exclusively by FSLT. All remaining allegations contained this this paragraph are denied.

29.    Admitted.

30.    Admitted in part and denied in part. Admitted only that FSLT consulted with Human Resources regarding the Family Medical Leave Act and AAK leave policies in assessing whether to terminate Plaintiff's employment. All remaining allegations contained in this paragraph are denied.

31.    The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## COUNT I
## NJLAD – DISCRIMINATION ON THE BASIS OF DISABILITY AND/OR PERCEIVED DISABILITY

32.    Defendants repeat their responses to the preceding paragraphs and incorporate them herein by reference as if set forth at length.

33.    The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

34.    The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

35.    The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

36. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

37. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

38. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

**WHEREFORE**, Defendants demand judgment in its favor dismissing Plaintiff's Complaint with prejudice, along with an award of attorneys' fees, costs, and such other relief as the Court deems appropriate.

## COUNT II
## FMLA - RETALIATION

39. Defendants repeat their responses to the preceding paragraphs and incorporate them herein by reference as if set forth at length.

40. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

41. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

42. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

43. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

44. The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

45.     The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

46.     The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

**WHEREFORE**, Defendants demand judgment in its favor dismissing Plaintiff's Complaint with prejudice, along with an award of attorneys' fees, costs, and such other relief as the Court deems appropriate.

## COUNT III
## WRONGFUL TERMINATION IN VIOLATION OF NEW JERSEY PUBLIC POLICY PURSUANT TO <u>PIERCE V. ORTHO PHARMACEUTICAL CORP.</u>, 84 N.J. 58 (1980) ("<u>PIERCE</u> CLAIM")

54.     Defendants repeat their answers to the preceding paragraphs and incorporate them herein by reference as if set forth at length.[3]

55.     The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

56.     The allegations contained in this paragraph are not directed at Defendants and do not call for a response.  To the extent a response is required, Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph and, accordingly, deny the same.

57.     Admitted in part and denied in part.  Admitted only that Plaintiff sought additional leave beyond the expiration of her available time under the FMLA.  All remaining allegations contained in this paragraph are denied.

---

[3] Defendants' Answer tracks the number of Plaintiff's Complaint, which proceeds from Paragraph 46 directly to Paragraph 54.

58.     The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, admitted in part and denied in part.  Admitted only that Plaintiff was deemed to have resigned her employment on January 18, 2022 after she failed to return to work after the conclusion of her approved medical leave.  All remaining allegations contained in this paragraph are denied.

59.     The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

60.     The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

61.     The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

62.     The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

**WHEREFORE**, Defendants demand judgment in its favor dismissing Plaintiff's Complaint with prejudice, along with an award of attorneys' fees, costs, and such other relief as the Court deems appropriate.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.     Plaintiff fails to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred by the doctrines of laches, estoppel, fraud, unclean hands, and/or waiver.

3.     Plaintiff's claims are barred by the statute(s) of limitations and/or failure to exhaust administrative remedies.

4.     Plaintiff's claims fail because she voluntarily resigned her employment.

5.    To the extent that AAK terminated Plaintiff's employment, it did so for legitimate, non-discriminatory, and non-retaliatory reasons.

6.    Plaintiff's claims fail because Plaintiff cannot demonstrate that Defendants had the requisite intent for the claims she alleges.

7.    Plaintiff suffered no damages and/or any damages suffered by Plaintiff were a result of either Plaintiff's own actions or the actions of third parties over whom Defendants have no control.

8.    Plaintiff has failed to mitigate her damages, if any.

9.    Subject to proof through discovery, Plaintiff's alleged damage claims are barred in whole or in part by the after-acquired evidence doctrine.

10.    Plaintiff fails to state a claim for punitive damages.

11.    Plaintiff's claims fail because Plaintiff does not have a qualifying disability and/or Plaintiff was not suffering from a serious health condition.

12.    Plaintiff is not entitled to equitable relief as a matter of law.

13.    Plaintiff is not entitled to attorneys' fees or costs.

14.    Plaintiff failed to provide proper notice to Defendants of any request for accommodations.

15.    To the extent that Plaintiff requested accommodations that were not provided, such accommodations be provided as a matter of law without undue burden and/or hardship.

16.    Plaintiff failed to provide proper notice to Defendants of the need for additional medical leave.

9

17.    Defendants have satisfied each and every obligation and duty, contractual or otherwise, including, but not limited to, any obligations and/or duties imposed by the Family and Medical Leave Act, owed to Plaintiff.

18.    No causal connection exists between the alleged conduct of Defendants and any alleged damages suffered by Plaintiff.

19.    Plaintiff's claims fail because Plaintiff cannot establish that Defendants perceived Plaintiff as disabled.

20.    At all relevant times, Defendants acted in compliance with all applicable laws, rules, regulations, and standards.

21.    Plaintiff acted unreasonably and failed to avail herself of policies and procedures by which to make any complaints of harassment, discrimination, and/or retaliation.

22.    Plaintiff's claims are barred, in whole or in part, for failure to give notice to the Defendants of the alleged discriminatory and/or retaliatory conduct.

23.    Defendants sufficiently engaged in the interactive process with Plaintiff.

24.    Plaintiff was unable to perform the essential functions of her job with a reasonable accommodation.

25.    All personnel actions taken with regard to the Plaintiff were done for legitimate business reasons.

Date:   December 28, 2022                **BROWN & CONNERY, LLP**

                                        *s/Susan M. Leming*
                                        Susan M. Leming, Esquire
                                        Michael J. Miles, Esquire
                                        360 Haddon Avenue
                                        Westmont, NJ 08108
                                        *Attorneys for Defendants*

10

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

## RESERVATION OF RIGHTS

Defendants' Answer and Affirmative Defenses are based upon currently available information. Defendants reserve the right to revise, amend, and/or supplement its Answer and Separate and Affirmative Defenses at any time during the course of this litigation.

## DESIGNATION OF TRIAL COUNSEL

Susan M. Leming, Esquire is hereby designated as trial counsel for Defendants in this action.

Date:   December 28, 2022                     **BROWN & CONNERY, LLP**

                                              *s/Susan M. Leming*
                                              Susan M. Leming, Esquire
                                              Michael J. Miles, Esquire
                                              360 Haddon Avenue
                                              Westmont, NJ 08108
                                               (856) 854-8900 (phone)
                                               (856) 858-4967 (fax)
                                              sleming@brownconnery.com
                                              mmiles@brownconnery.com
                                              *Attorneys for Defendants*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the within Answer and Separate and Affirmative Defenses of Defendants were served as indicated below on this date:

Clerk, United States District Court
**United States District Court for the District of New Jersey**
Martin Luther King Building & U.S Courthouse
50 Walnut Street
Newark, New Jersey 07101
*(via ECF)*

Kathleen Redpath-Perez, Esq.
**LAW OFFICE OF ERIC A. SHORE**
20 Brace Road, Suite 325
Cherry Hill, New Jersey 08034
(*via ECF*)
*Attorneys for Plaintiff*

Date:   December 28, 2022          *s/Susan M. Leming*
Susan M. Leming, Esquire

12